UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABIL ANTON DJENASEVIC,<br><br>    Petitioner,<br><br>    v.<br><br>STEVE LANGFORD,<br><br>    Respondent. | Case No. CV 16-9092-DMG (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On December 8, 2016, Kabil Anton Djenasevic ("Petitioner"), a prisoner in federal custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner is presently incarcerated at the United States Penitentiary in Lompoc, California ("USP Lompoc").[1] He claims that the medical staff at USP Lompoc

---

[1] A federal jury in the Middle District of Florida found Petitioner guilty of one count of conspiracy with intent to distribute and to distribute one kilogram or more of heroin (21 U.S.C. §§ 846 and 841(b)(1)(A)(i)) (Count One), two counts of distributing heroin (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)) (Counts Two and Three), one count of possession with intent to distribute 100 grams or more of heroin (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i)) (Count Four), and one count of being a felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)) (Count Five). United States v. Kabil Anton Djenasevic, 8:02-cr-004240JDW-MAP (M.D. Fla.), Docket No. 393 at 1. He was sentenced to a term of imprisonment of 292 months on Counts One and Four, 240 months on Counts Two and Three, and 120 months on Count Five, all terms to run concurrently. Id. at 2. His currently scheduled release date is February 15, 2024. See https://www.bop.gov/inmateloc/.

1  "refuses to properly treat my medical needs" and are "falsely manipulating my efforts to
2  effective medical care." (Petition at 3.) Petitioner further claims that he is not receiving
3  proper dental care at USP Lompoc. (Id.)
4        As set forth more fully below, Petitioner's claims are not cognizable on federal
5  habeas review. Accordingly, the Petition should be dismissed without prejudice to Petitioner
6  refiling his claims in a civil rights action.

## DISCUSSION

8        In general, claims challenging the fact or duration of a prisoner's confinement should
9  be presented in a habeas corpus petition, while claims challenging the conditions of
10 confinement should be presented in a civil rights action. See Wilkinson v. Dotson, 544 U.S.
11 74, 78-82 (2005); Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411
12 U.S. 475, 499-500 (1973). Claims challenging the execution of a sentence are cognizable
13 under § 2241 if there is a "causal link" between the execution of the petitioner's sentence
14 and the "fact or duration" of his or her custody. See Benny v. United States Parole Com'n,
15 295 F.3d 977, 988-89 (9th Cir. 2002) (explaining that a § 2241 habeas corpus petition is the
16 appropriate vehicle for an inmate's challenge to "the execution of a criminal sentence on
17 grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the
18 United States'") (quoting 28 U.S.C. § 2241(c) (3) and citing Benites v. United States Parole
19 Comm'n, 595 F.2d 518, 520 n.1 (9th Cir. 1979)). Where "a successful challenge to a prison
20 condition will not necessarily shorten the prisoner's sentence," however, "habeas jurisdiction
21 is absent, and a [42 U.S.C.] § 1983 [or Bivens] action [is] proper . . . ." Ramirez v. Galaza,
22 334 F.3d 850, 858-59 (9th Cir. 2003).
23       Petitioner's complaints about the inadequate medical and dental care at FCC
24 Lompoc do not implicate the fact or duration of his confinement. That is, a judgment in his
25 favor would not undermine the validity of his conviction or otherwise accelerate his release
26 from custody. See Ramirez, 334 F.3d at 859. At best, a favorable judgment would alter the
27 conditions under which he is confined. Because Petitioner's claim properly is construed as
28 one challenging the conditions of his confinement, it is cognizable, if at all, as a civil rights

claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). Accordingly, the Petition should be dismissed without prejudice to Petitioner's right to file a separate civil rights action challenging the conditions of his confinement. See Greenhill v. Lappin, 376 F. App'x 757, 757-58 (9th Cir. 2010) (holding that the appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens); see also Crumpton v. Fox, 2014 WL 4829054, at *1-2 (C.D. Cal. Sep. 26, 2014) (dismissing claims for designation to a medical facility and inadequate medical care brought in a § 2241 petition because those claims did not affect the fact or duration of the petitioner's confinement); Izac v. Unknown Warden, 2014 WL 1794452, at *1-2 (C.D. Cal. May 4, 2014) (dismissing a § 2241 petition that raised claims for inadequate medical care, unhealthy prison conditions, and prison transfers because those claims did not affect the fact or duration of the petitioner's confinement, and declining to convert the petition to a Bivens action).

## ORDER

**IT IS HEREBY ORDERED** that the Petition be dismissed without prejudice to Petitioner's right to file a separate civil rights action challenging the conditions of his confinement at USP Lompoc.

DATED: January 20, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE